IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

Assigned on Briefs December 21, 2021

**STATE OF TENNESSEE v. JESSE D. MOSES**

**Appeal from the Criminal Court for McMinn County**
**No. 18-CR-205      Andrew M. Freiberg, Judge**

_____

**No. E2021-00231-CCA-R3-CD**

_____

A jury convicted Defendant, Jesse D. Moses, of one count of Class B felony unlawful possession of a firearm after being convicted of a felony involving the use or attempted use of force, violence, or a deadly weapon. *See* Tennessee Code Annotated section 39-17-1307(b)(1)(A) (2017). The trial court sentenced Defendant to twenty years' incarceration with a thirty-five percent release eligibility. On appeal, Defendant argues that the evidence was insufficient to prove that his prior conviction for aggravated burglary was a felony involving the use of force, violence, or a deadly weapon and that the trial court erred by instructing the jury that a "[p]rior 'crime of violence' includes any degree of burglary." Upon review, we determine that Defendant's prior aggravated burglary was a felony involving the use of force, violence, or a deadly weapon and that the trial court's jury instruction was not prejudicially erroneous. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and J. ROSS DYER, JJ., joined.

Todd W. Gee, Cleveland, Tennessee, for the appellant, Jesse D. Moses.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Stephen D. Crump, District Attorney General; and Shari Tayloe, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION
## Factual and Procedural History

Cleveland Police Department Detective Don Nation testified that, on January 24, 2018, he executed a search warrant with the Tenth Judicial Drug Task Force ("Task Force") and officers from the Athens Police Department at a residence on Palo Alto Street in Athens. He stated that Task Force officers, Athens City police officers, and McMinn County Sheriff's Office ("MCSO") officers all assisted in executing the search warrant because they had information that there were weapons in the house. Detective Nation said that, when he entered the residence, he "placed [Defendant] into custody," searched him for weapons, and found a loaded .22 black revolver in a holster and some loose ammunition in Defendant's pocket.

MCSO Deputy Cameron Cordell testified that, as a member of the Task Force, he assisted in the execution of the search warrant on the Palo Alto residence on January 24, 2018. He said that, when he entered the residence, he observed Defendant in the living room wearing "some type of . . . holster vest." Officer Cordell saw a "firearm handle sticking out of [the holster]."

MCSO Detective Jared Price testified that he worked on the Task Force and assisted in executing the search warrant on the Palo Alto residence. He stated that there were multiple people in the residence at the time. Detective Nation gave Detective Price the revolver and ammunition he had taken from Defendant. Detective Price logged the evidence as a "Rossi .22 firearm." When Detective Price ran the revolver's serial number, he learned that it had been stolen.

A certified copy of Defendant's prior conviction for aggravated burglary was entered into evidence without objection.

After the State rested its case in chief, defense counsel moved for a judgment of acquittal. In his written motion, defense counsel argued that "[i]t is clear from the burglary statutes cited that [a]ggravated [b]urglary is not necessarily a felony involving the use or attempted use of force, violence, or a deadly weapon" and that "[t]he State has failed to put on proof that the [a]ggravated [b]urglary of which Defendant was previously convicted involved the use or attempted use of force, violence, or a deadly weapon." Defense counsel further argued that the statutory definition of "crime of violence" did not apply to Defendant's prior aggravated burglary conviction because "'crime of violence' is a term of art that is not used in the [unlawful possession] statute under which Defendant is charged." He argued in the alternative that, even if the term "crime of violence" could be read into the unlawful possession statute, the definition of "crime of violence" at the time of the present offense did not include "aggravated burglary."

Defense counsel continued:

[The] State should have had to put on proof that [Defendant] had - his prior felony conviction [for] aggravated burglary had involved the use of force, attempted use of force, violence, or a deadly weapon. There's been no testimony about the underlying facts of that aggravated burglary, and aggravated burglary is not inherently a forceful or violent or involving a deadly weapon type of conviction. I think that the statutory history shows that the legislature ultimately decided to fix that issue with the statute by saying - by now saying felony crime of violence does include aggravated burglary, but at the time of the - of this alleged offense, it did not, it did not say that. And I don't think that according to its statutory definition burglary or aggravated burglary would have met the, the elements of this statute under which [Defendant] is charged.

The prosecutor disagreed and stated that "[t]he legislature defined in the statute at that time to include [']burglary['] as a crime of violence under that particular statute[.]" The trial court denied the motion for judgment of acquittal, stating:

"39-17-1301 as used in this part," meaning part (13) under Title, Weapons, unless context otherwise requires, "crime of violence includes any degree of burglary." Burglary statutes are 39-14 part (4). Part (4) is titled Burglary and Related Statutes. 402 is burglary, 403 is aggravated burglary, 404 is especially aggravated burglary. And it talks about . . . ["]has been convicted of a felony involving use or attempted use of violence.["] It just seems to fit in the definition.

Defendant testified that he pled guilty to one count of aggravated burglary in 2009 when he was nineteen years old. He explained that he burglarized an empty residence, that he was not carrying a weapon during the burglary, and that no one was injured. Defendant explained that he paid the full restitution in the amount of $5,764.

On cross-examination, Defendant agreed that he had a 2009 conviction for theft of property valued over $1,000 and a 2014 conviction for theft of property valued over $1,000. Defendant said that Detective Nation did not retrieve a firearm from his person on January 24, 2018.

The trial court instructed the jury, including the following:

Any person having been convicted of one of certain specified felonies who possesses a firearm is guilty of a crime. For you to find [D]efendant guilty

- 3 -

of this offense, the State must have proven beyond a reasonable doubt the existence of the following essential elements:

element (1) that [D]efendant had been convicted of the felony of aggravated burglary; and

element (2) that [D]efendant, after such felony conviction, possessed a firearm;

and element (3) that [D]efendant acted either intentionally, knowingly or recklessly; and

element (4) that the felony involved the use or attempted use of force, violence or a deadly weapon.

Prior "crime of violence" includes any degree of burglary.

The jury found him guilty of unlawful possession of a firearm. At a subsequent sentencing hearing, the trial court sentenced him in the present case as a Range II multiple offender to twenty years' incarceration with a thirty-five percent release eligibility.

Following the overruling of Defendant's Motion for New Trial, this timely appeal was filed.

## **Analysis**

### *Jury Instructions*

Defendant argues that the trial court erred when it instructed the jury that a "[p]rior 'crime of violence' includes any degree of burglary." He asserts that the phrase "crime of violence" is a term of art defined in Tennessee Code Annotated section 39-17-1301(3) for the purposes of Title 39. Defendant asserts that, prior to the 2018 amendment of the unlawful possession of a firearm statute, the term "crime of violence" did not describe the predicate felony to an unlawful possession of a firearm charge but instead was a term relevant to other statutes at the time. *See e.g.*, Tenn. Code Ann. § 39-17-1304(a) (2017). Thus, he argues, the trial court erred by instructing the jury on what constituted a "crime of violence" for the purposes of the instant case. Defendant further asserts that, since 1989, there are no "degrees" of burglary.

- 4 -

The State responds that this court has previously applied the "crime of violence" definition to the unlawful possession of a firearm statute. It argues that the definition for "crime of violence" in the 2017 statute necessarily included any class of burglary.

"[T]he trial court has a duty to provide a 'complete charge of the law applicable to the facts of the case.'" *State v. James*, 315 S.W.3d 440, 446 (Tenn. 2010) (quoting *State v. Harbison*, 704 S.W.2d 314, 319 (Tenn. 1986)). However, jury instructions must be reviewed in their entirety, and phrases may not be examined in isolation. *State v. Rimmer*, 250 S.W.3d 12, 31 (Tenn. 2008). "An instruction should be considered prejudicially erroneous only if the jury charge, when read as a whole, fails to fairly submit the legal issues or misleads the jury as to the applicable law." *State v. Majors*, 318 S.W.3d 850, 864-65 (Tenn. 2008) (quoting *State v. Faulkner*, 154 S.W.3d 48, 58 (Tenn. 2005)) (internal quotation marks omitted). As noted by our supreme court:

> [J]urors do not sit in solitary isolation booths parsing instructions for subtle shades of meaning in the same way that lawyers might. Differences among them in interpretation of instructions may be thrashed out in the deliberative process, with commonsense understanding of the instructions in the light of all that has taken place at the trial likely to prevail over technical hairsplitting.

*Rimmer*, 250 S.W.3d at 31 (quoting *State v. Hodges*, 944 S.W.2d 346, 352 (Tenn. 1997)). To determine whether a defendant is harmed by an erroneous instruction, "we must consider 'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.'" *Id.* (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)). To make that determination, the "significant question" is "'whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way' that violates the Constitution." *Id.* (quoting *Estelle v. McGuire*, 502 U.S. 62, 72 (1991)).

At the time of the offense, the statute governing a charge for unlawful possession of a firearm read, in pertinent part, "A person commits an offense who unlawfully possesses a firearm, as defined in § 39-11-106, and [h]as been convicted of a felony involving the use or attempted use of force, violence, or a deadly weapon[.]" Tenn. Code Ann. § 39-17-1307(b)(1)(A) (2017).[1] Also at the time of the offense, "crime of violence" was defined as "includ[ing] any degree of murder, voluntary manslaughter, aggravated rape, rape,

---

[1] The amended 2018 unlawful possession of a firearm statute reads, in pertinent part, "A person commits an offense who unlawfully possesses a firearm, as defined in § 39-11-106, and [h]as been convicted of a felony crime of violence, an attempt to commit a felony crime of violence, or a felony involving use of a deadly weapon[.]" Tenn. Code Ann. § 39-17-1307(b)(1)(A) (2018).

- 5 -

especially aggravated robbery, aggravated robbery, burglary, aggravated assault or aggravated kidnapping[.]" Tenn. Code Ann. § 39-17-1301(3) (2017).[2]

Initially we note that, since 1989, there are no "degrees" of burglary. *See State v. James Ford, III*, No. 02C01-9304-CR-00078, 1994 WL 398811, at *1 (Tenn. Crim. App. Aug. 3, 1994) ("Prior to l989, burglary was divided into three degrees. . . . Now burglary is divided into three classes[.]"), *perm. app. denied* (Tenn. Jan 3. 1995). However, based upon jury-out discussions, it appears that the trial court intended to instruct the jury that any *class* of burglary was a "crime of violence." We determine that the use of the word "degree" was not confusing and that it was clear to the jury that any *class* of burglary (including aggravated burglary or especially aggravated burglary) satisfied the element of the offense. There was no "'likelihood that the jury [] applied the challenged instruction in a way' that violate[d] the Constitution." *Rimmer*, 250 S.W.3d at 31 (quoting *Estelle*, 502 U.S. at 72).

Next, we have found no binding precedent regarding Defendant's argument that the phrase "crime of violence" is a term of art that did not apply to the unlawful possession of a firearm statute until the 2018 amendments. Indeed, any "crime of violence," as defined in section 39-17-1301(3), necessarily fits the definition of a crime "involving the use of . . . violence[.]" Tenn. Code Ann. § 39-17-1307(b)(1)(A) (2017). Moreover, no binding precedent exists requiring either strict adherence to the enumerated list in section 39-17-1301(3) or that evidence be presented at trial regarding the details of the underlying felony "involving the use or attempted use of force, violence, or a deadly weapon."

This court's opinion in *State v. Brandon Dewayne Theus* is instructive. Mr. Theus was convicted of unlawful possession of a firearm after being convicted of a felony involving the use or attempted use of force, violence, or a deadly weapon. No. W2016-01626-CCA-R3-CD, 2017 WL 2972231, at *8 (Tenn. Crim. App. July 12, 2017), *perm. app. denied* (Tenn. Nov. 17, 2017). As in the present case, "[t]he only evidence presented by the State at trial to establish that the [d]efendant had been convicted of a prior felony involving the attempted use of force, violence, or a deadly weapon was the certified judgment of conviction" for facilitation of first degree murder. *Id*. The defendant argued that facilitation of first degree murder was "not a 'felony involving the . . . attempted use of force, violence, or a deadly weapon.'" *Id.* (citing Tenn. Code Ann. § 39-17-

---

[2] The amended 2018 "crime of violence" statute reads, "'Crime of violence' includes any degree of murder, voluntary manslaughter, aggravated rape, rape, rape of a child, especially aggravated rape of a child, aggravated sexual battery, especially aggravated robbery, aggravated robbery, burglary, aggravated burglary, especially aggravated burglary, aggravated assault, kidnapping, aggravated kidnapping, especially aggravated kidnapping, carjacking, trafficking for commercial sex act, especially aggravated sexual exploitation, felony child abuse, and aggravated child abuse[.]" Tenn. Code Ann. § 39-17-1301(3) (2018).

1307(b)(1)(A) (2015)). This court stated that, "[w]hen a statutory definition provides that it 'includes' specific items, our supreme court has held that the 'enumerated items are illustrative, not exclusive.'" *Id.* (quoting *State v. Marshall*, 319 S.W.3d 558, 561 (Tenn. 2010)). While we noted that the facilitation statute itself "[did] not include an element of violence, force, or the use of a deadly weapon[,]" we concluded that the underlying felony of first degree murder was "clearly a violent felony." *Id*. Thus, we held that the judgment of conviction for facilitation of first degree murder was alone sufficient evidence to support the defendant's conviction for unlawful possession of a firearm after being convicted of a felony involving the use or attempted use of force, violence, or a deadly weapon. *Id*.

In the same way, common sense dictates that if burglary is a crime involving violence, *see* Tennessee Code Annotated section 39-17-1301(3) (2017), aggravated burglary is also a crime involving violence. Aggravated burglary is "burglary of a habitation as defined in §§ 39-14-401 and 39-14-402." Tenn. Code Ann. § 39-14-403(a) (2017).[3] Therefore, we conclude that it was not error for the trial court to instruct the jury that any class of burglary was a "crime of violence." *But see State v. Edward Dean*, No. W2018-01363-CCA-R3-CD, 2020 WL 1899612, at *14 (Tenn. Crim. App. April 17, 2020) (overturning the defendant's conviction for unlawful possession of a firearm, with a predicate felony of reckless endangerment with a deadly weapon, because "[r]eckless endangerment with a deadly weapon is not specifically included in the list of enumerated offenses that meet the definition of a 'crime of violence' in Tennessee Code Annotated section 3[9]-17-1301(3)" and because "the State failed to present any evidence from which the jury could have concluded that the [d]efendant's reckless endangerment with a deadly weapon conviction was a felony conviction for a crime of violence, an essential element for the [d]efendant to be convicted of a violation of Tennessee Code Annotated section 39-17-1307 as charged in his indictment").

---

[3] A person commits burglary who, without the effective consent of the property owner:

(1) Enters a building other than a habitation (or any portion thereof) not open to the public, with intent to commit a felony, theft or assault;

(2) Remains concealed, with the intent to commit a felony, theft or assault, in a building;

(3) Enters a building and commits or attempts to commit a felony, theft or assault; or

(4) Enters any freight or passenger car, automobile, truck, trailer, boat, airplane or other motor vehicle with intent to commit a felony, theft or assault or commits or attempts to commit a felony, theft or assault.

Tenn. Code Ann. § 39-14-402(a) (2017).

*Sufficiency of the Evidence*

Defendant argues that the State failed to produce any evidence that his prior felony conviction for aggravated burglary involved "the use or attempted use of force, violence, or a deadly weapon[.]" Tenn. Code Ann. § 39-17-1307(b)(1)(A) (2017). He asserts that, therefore, the evidence was insufficient to support his conviction for unlawful possession of a firearm.

The State responds that aggravated burglary is inherently "a crime that involves the use of force or violence." Therefore, the State contends, the prosecution "was not required to present any additional proof regarding the circumstances of [Defendant]'s prior conviction."

Our standard of review for a sufficiency of the evidence challenge is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original); *see also* Tenn. R. App. P. 13(e). Questions of fact, the credibility of witnesses, and weight of the evidence are resolved by the fact finder. *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997). This court will not reweigh the evidence. *Id.* Our standard of review "is the same whether the conviction is based upon direct or circumstantial evidence." *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011) (quoting *State v. Hanson*, 279 S.W.3d 265, 275 (Tenn. 2009)) (internal quotation marks omitted).

A guilty verdict removes the presumption of innocence, replacing it with a presumption of guilt. *Bland*, 958 S.W.2d at 659; *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). The defendant bears the burden of proving why the evidence was insufficient to support the conviction. *Bland*, 958 S.W.2d at 659; *Tuggle*, 639 S.W.2d at 914. On appeal, the "State must be afforded the strongest legitimate view of the evidence and all reasonable inferences that may be drawn therefrom." *State v. Vasques*, 221 S.W.3d 514, 521 (Tenn. 2007).

We have previously explained the pertinent portions of the unlawful possession of a firearm statute and the "crime of violence" definition. As we concluded above, the inclusion of "burglary" in the 2017 "crime of violence" definition necessarily included aggravated burglary. Thus, the State was not required to introduce any additional proof regarding the details of Defendant's prior aggravated burglary conviction. This issue is without merit.

## **Conclusion**

For the foregoing reasons, we affirm the judgment of the trial court.

_____
ROBERT L. HOLLOWAY, JR., JUDGE